# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Benoit | Civil Action No. 17-00641 |
| versus | Judge Rebecca F. Doherty |
| Liberty Life Assurance Co. Of Boston, et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Partially Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6) filed by Defendant Liberty Life Assurance Company of Boston ("Liberty") [Rec. Doc. 3] and Plaintiff, Carolyn D. Benoit's, Memorandum in Opposition to Liberty's Motion [Rec. Docs. 21], as well as a Motion To Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6) filed by Defendants L'Oreal USA, Inc. ("L'Oreal"), SalonCentric, Inc. ("SalonCentric") and L'Oreal USA Rewards ("L'Oreal Rewards") (collectively referred to as the "L'Oreal Defendants") [Rec. Doc. 13], Plaintiff's Memorandum in Opposition [Rec. Doc. 22], and the L'Oreal Defendants' Reply thereto [Rec. Doc. 28]. As the Motions deal in part with identical issues, the Court will consider both Motions in this Report and Recommendation and will sometimes refer to Liberty and

the L'Oreal Defendants as "Defendants."[1]

## I. Factual Background

In her Complaint, *R. 1,* Plaintiff seeks recovery of long term disability benefits under a group disability income policy and plan (collectively referred to the "Disability Plan"), which is a component benefit program of the SalonCentrics, Inc. Comprehensive Welfare Benefits Plan ("Welfare Plan") sponsored by SalonCentric. Liberty Life Assurance Company of Boston ("Liberty") served as the claims administrator for the Disability Plan and also provided benefits under its Policy as the insurer. Both the Disability Plan and the Welfare Plan are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Plaintiff's First Cause of Action in her Complaint seeks recovery of disability benefits under ERISA § 502(a)(1)(B), *R. 1, ¶¶ 22, 31, 36-44*. Her Complaint's Second Cause of Action asserts a claim for recovery of damages under certain provisions of the Louisiana State Insurance Act based on provisions of the Disability Plan. *Id., ¶¶ 46-49*. The Fourth Cause of Action in Plaintiff's Complaint asserts a

---

[1] In their Motion, the L'Oreal Defendants state that Plaintiffs' Complaint is confusing as to whether Plaintiff's claims at issue are asserted against Liberty only or are also asserted against the L'Oreal Defendants. Thus, they represent the L'Oreal Defendants' Motion To Dismiss, *R. 13,* includes all arguments against Plaintiff's Complaint whether made against Liberty, the L'Oreal Defendants, or both.

claim for declaratory relief and recovery of healthcare premium payments provided under the SalonCentric, Inc. Comprehensive Health Plan ("Healthcare Plan"), which is also a component benefit program of the Welfare Plan. The Healthcare Plan is an ERISA-governed plan which provides health insurance benefits to employees of SalonCentric. *R. 13-2, Healthcare Plan, pp. 60, 84, Article XII, § 19.5; R. 13-3, Welfare Plan, p. 1, §§ 1.1, 1.2.* In accordance with 29 U.S.C. § 1133(2), the Healthcare Plan contains a comprehensive claims process whereby a participant who believes he or she has been denied any benefit under the Healthcare Plan must file a claim for benefits with the claims administrator, and then also must appeal the claim for further review if it is denied. *R. 13-2, pp. 75-80, Article XVII; R. 13-3, pp. 15-16, Article VII*.

In their Motions, Defendants argue that Plaintiff has failed to state a claim for relief with regard to either the Second Cause of Action or the Fourth Cause of Action and these claims must be dismissed with prejudice. They further argue that Plaintiff cannot make a claim for compensatory, exemplary and penalty damages under the ERISA Plans at issue.

## *II. Contentions of the Parties*

Defendants assert the Court should dismiss Plaintiff's claims under the Louisiana State Insurance Code in the Second Cause of Action of Plaintiff's

Complaint—in particular, her claims under La. R.S. §§ 22:990, 22:1973 and 22:1821—because they are preempted. They further assert that La. R.S. §§ 22:990 and 22:1973 provide no individual cause of action to Plaintiff. As to Plaintiff's Fourth Cause of Action, Defendants contend her claim for COBRA benefits should be dismissed because she failed to exhaust her administrative remedies in that regard. Finally, they assert that Plaintiff's Prayer for compensatory, statutory exemplary and penalty damages must be dismissed because such damages are not provided under ERISA.

Plaintiff argues that the ERISA Insurance Savings Clause prevents preemption of her claims under La. R.S. §§ 22:990, 22:1973 and 22:1821. As to her COBRA claim, Plaintiff contends that because she exhausted her administrative remedies under the Disability Plan, she should not be required to do so under the Healthcare Plan because the benefits are "interrelated." Plaintiff does not address her request in the Prayer for compensatory and exemplary damages.

### *III. Legal Standard*

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007). Accordingly, Rule 12(b)(6) allows a

defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

When deciding a 12(b)(6) motion to dismiss, the court "must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[W]e note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that

a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

### *IV. Law and Argument*

*A. Plaintiff's Second Cause of Action*

    *1. Plaintiff's Claims under La.R.S. §§ 22:1973 and 22:1821*

Defendants assert that Plaintiff's claims under the Louisiana State Insurance Code in the Complaint's Second Cause of Action should be dismissed because they are pre-empted by ERISA. ERISA contains an explicit preemption clause, § 514(a), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate* to any employee benefit plan...." 29 U.S.C. § 1144(a) (emphasis added). It is "well-established that the 'deliberately expansive' language of [Section 514(a) ] ... is a signal that it is to be construed extremely broadly." *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 515 (5th Cir. 2002). This provision is purposefully expansive, and is intended to "ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health, Inc., v. Davila*, 542 U.S. 200, 208 (2004). Thus, any state-law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.*

The Fifth Circuit has explicitly held that "the mere fact that a statute is part of a comprehensive state insurance code will not exempt it from preemption." *Aucoin v. RSW Holdings, L.L.C.*, 476 F.Supp.2d 608, 614 (M.D.La.,2007) (quoting *Tingle v. Pacific Mutual Insurance Co.*, 996 F.2d 105, 109 (5th Cir.1993)). A state statute is considered a law that regulates insurance under the saving clause only if (1) "the state law [is] specifically directed toward entities engaged in insurance;" and (2) "the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Mayfield v. UNUM Life Ins. Co. of Am.*, 2016 WL 4261771, at *5 (E.D. La. Aug. 12, 2016) (quoting *Garcia v. Best Buy Stores, L.P.*, 416 Fed.Appx. 384, 386 (5th Cir. 2011). To affect the risk-pooling arrangement, a "statute must alter the scope of permissible bargains between insurers and insureds and thus substantially affect the risk-pooling arrangements that insurers may offer." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d at 277-78. Statutes that are remedial in nature, i.e. that provide remedies "to which the insured may turn when injured by the bad faith of the insurer," do not affect the bargain that an insurer makes with its insured, and therefore, do not affect the "risk" contracted for by the insurer. *Id*.

Plaintiff claims she is entitled to special damages and penalties under La.

R.S. § 22:1973[2] and that she is entitled to penalties because of delay in payment pursuant to La. R.S. § 22:1821[3]. These state law claims clearly "relate to" an ERISA plan, as they are both specifically based on terms of the Disability Plan that Plaintiff claims are unlawful. *R. 1*. It is well settled—as courts have consistently held—that both of these statutes are remedial in nature such that they are not saved from preemption by the savings clause of 29 U.S.C. § 1144(b)(2)(A). *See, e.g., Simpson v. Reliance Standard Life Ins. Co.*, 2016 WL 3566951, at *2 (W.D. La. May 19, 2016) (finding claim for bad faith penalties under La. R.S. § 22:1220 (now La. R.S. § 22:1973) preempted by ERISA); *Anderson v. Bus. Men's Assur. Co.*, 2003 WL 21305335, at *9 (E.D. La. 2003) (holding that La. R.S. § 22:1220 (now La. R.S. § 22:1973) is preempted by ERISA because it provides remedies that are outside the ambit of ERISA's civil enforcement provision); *Trahan v. Metropolitan Life Insurance Co.*, 2016 WL 3443658, at *7 (W.D.La., 2016)(collecting cases and explaining that "[c]ourts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana

---

[2] Louisiana Acts 2008, No. 415, § 1 renumbered La.R.S. § 22:1220 as La.R.S. § 22:1973. The statute imposes a "good faith" duty upon insurers.

[3] La R.S. § 22:657, was redesignated as La. R. S. § 22:1821 in 2009 without changing the substance of the provision. La. Acts 2008, No. 415, § 1.

Revised Statute § 22:657 (now § 22:1821[4])"); *Wright v. Louisiana Corrugated Products, LLC*, 59 F.Supp.3d 767, 776 (W.D.La.,2014) ("Courts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)"). Accordingly, Plaintiff's claim under La. R.S. §§ 22:1973 and 22:1821 are preempted by ERISA.

*2. Plaintiff's Claims Under La.R.S. §§ 22:990 And 22:1973*

La. R.S. § 22:990 provides in pertinent part:

> A. An individual or group disability loss of income policy to provide loss of income protection against total disability may be issued in this state consistent with the definitions and provisions of this Section.

La. R.S. § 22:990. Plaintiff contends that La. R.S. § 22:990 (formerly La. R.S. § 22:230)[5] applies to her Disability Plan and requires that such a policy must be consistent with the provisions and definitions contained in the statute. *R. 1, ¶ 47*. She alleges that her Disability Plan is contrary to the provisions of 22:990 in that the Plan's definition of disability is more restrictive than that allowed in the statute. *Id*. Based on the violation under Section 22:990, Plaintiff argues that she is entitled to penalties and attorneys fees under La. R.S. § 22:1973.

---

[4] La. R.S. § 22:1821 explicitly defers to ERISA plans: "[t]he provisions of this Paragraph shall not apply to medical benefit plans that are established under and regulated by [ERISA]." La. R.S. § 22:1821(f).

[5] La.R.S. § 22:990 was renumbered from R.S. 22:230 by Acts 2008, No. 415, § 1, effective January 1, 2009 without changing the substance of the provisions..

While Defendants suggest that 22:990 is preempted by ERISA, they argue, without jurisprudential support, that Plaintiff has no right of action under the statute and therefore cannot file an action seeking to recover any sort of independent damages or relief for a violation of La. R.S. § 22:990. Defendants further assert that Plaintiff does not have a right of action under La. R.S.§ 22:1973 because the statute does not apply to claims made under health and accident insurance which includes Plaintiff's Disability Plan.

At the outset, the Court notes that La. R.S. § 22:990 is not precluded by ERISA preemption. *See Hawk v. Century Telephone Enterprises*, 2009 WL 775394, at *11 (W.D.La.,2009) (citing *House v. American United Life Ins. Co.*, 499 F.3d 443, 455 at n.9 (5th Cir.2007). In *Hawk*, the court considered the plaintiff's reliance on La. R.S. § 22:230 in arguing that the definition of "total disability" in her ERISA policy was overly restrictive. Here, Plaintiff makes the same argument albeit relying on 22:990, the Louisiana legislature's re-designation of 22:230. In holding that Section 22:230 was not preempted by ERISA, the *Hawk* court explained that the statute "directly regulates the business of insurance and substantially affects the risk pooling agreements between insurers and insureds" and thus is exempt from ERISA preemption. *Hawk* at *12 (citing *House* (citing 29 U.S.C. § 1144(b)(2)(A)). The court went on to determine whether or not the definition of disability under the policy at

issue was unduly restrictive under Louisiana law. *Id.*

Plaintiff contends that Defendants' violation of La. R.S. § 22:990 also violated the duty of good faith and fair dealing, entitling her to penalties and attorneys' fees under La. R.S. § 22:1973. Defendants argue that there is no cause of action for such a claim under § 22:1973 with regard to Plaintiff's Disability Plan. The Court agrees. The Louisiana State Insurance Code defines "health and accident' insurance to include: "Insurance of human beings against bodily injury, disablement or death by accident or accidental means, or the expense thereof, or against disablement, or expense resulting from sickness or old age . . ." La. R.S. § 22:47(2)(a). As a matter of law, a health and accident policy is not subject to Section 1973, which "shall not be applicable to claims made under health and accident insurance policies."
§ 22:1973(D). *Candies Shipbuilders, LLC v. Westport Ins. Corp.*, 2016 WL 614694, at *4 (E.D.La., 2016). The Disability Plan in this case specifically provides for disability income benefits in the event of disablement, and thus clearly falls within this exception to the applicability of La. R.S. §1973. Accordingly, while Defendants have failed to prove that Plaintiff has no right of action under La. R.S. § 22:990, the Court finds that the Disability Plan fails to support a claim under La. R.S. § 22:1973.

B. *Plaintiff's Fourth Cause of Action*

Plaintiff alleges a claim for declaratory relief and recovery of healthcare

premium payment provided under the Healthcare Plan, also an ERISA-governed plan. Pursuant to 29 U.S.C. § 1132, a plaintiff claiming benefits owed under an ERISA plan "must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corps.*, 215 F. 3d 475, 479 (5th Cir. 2000). The Fifth Circuit recognizes an exception to the exhaustion requirement where an administrative appeal would be "futile." *Id*. However, "failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility." *McGowin v. ManPower Int'l, Inc*., 363 F.3d 556, 559 (5th Cir. 2004).

The documents attached to the Complaint provide that Plaintiff's Long Term Disability ("LTD") benefits were terminated by a letter from Liberty dated June 13, 2016. *R. 1-4, Exh. K.* Plaintiff filed her appeal of the termination of the LTD benefits on December 2, 2016. *Id.* On February 2, 2017, Liberty acknowledged that it had completed a review of the appeal and "maintained the decision to deny benefits beyond June 16, 2016." *Id. at Exh. L.* Plaintiff filed a letter of Reconsideration of the Appeal Decision on February 10, 2017. *R. 1-5, Exh. M.*[6]

Plaintiff "suggests" that her appeal of the disability determination is sufficient

---

[6] In paragraph 14 of her Complaint, Plaintiff alleges she was not timely provided a copy of certain post-appeal evidence which constituted a violation of 29 C.F.R. § 2560.503-1(d) and (h)(i)-(ii).

exhaustion of available administrative remedies under the Healthcare Plan. She contends that the Disability Plan documents generally provide that during the period of time that a covered person is determined under the Disability Plan to be "disabled," the health insurance premiums will be waived or paid. She further contends that once Liberty determined that Plaintiff was no longer disabled Liberty gave her the option to continue to pay her health insurance premiums under COBRA. Because "[t]he monthly health insurance premium was an element of damage and/or an additional benefit of the Disability Plan completely interconnected with the disability determination," Plaintiff contends it would be senseless to have "two separate appeals on the same issue"—appeal of the Disability Plan and appeal of the Healthcare Plan.

Defendants argue that Plaintiff's Complaint fails to allege that she ever made a claim for the healthcare premium under the Healthcare Plan, much less that she was denied benefits under the Healthcare Plan, or that she exhausted the Healthcare Plan's administrative appeal process. Instead, the allegations in her Complaint and the Disability Plan documents attached thereto relate only to the group disability income policy—which does not provide for any healthcare benefits she now seeks. Plaintiff has not, nor can she, contend that filing a claim for healthcare benefits would be futile. Nor does she state a claim for equitable relief.

ERISA does not specifically require a claimant to exhaust her administrative

remedies. *See Hall v. National Gypsum Co.*, 105 F.3d 225, 231 (5th Cir.1997). However, relying on Congressional intent, the Fifth Circuit has adopted the rule that a "plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied." *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 (5th Cir.1995); see *Wilson v. Kimberly-Clark Corp.*, 254 Fed.Appx. 280, 285 (5th Cir. 2007) (quoting *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir.2005) ("A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits."). The exceptions to this exhaustion rule are extremely limited. *See Hall*, 105 F.3d at 231 (recognizing exceptions to the general rule where resort to administrative remedies is futile or the remedy inadequate). Plaintiff does not argue that she falls within any of the applicable exceptions to the administrative exhaustion requirement.

Courts have recognized that the purposes of the exhaustion requirement are to (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not de novo. *See Denton v. First Nat'l Bank of Waco, Texas*, 765 F.2d 1295, 1300 (5th Cir.1995). Lawsuits by

plan participants are proper only after the exhaustion of administrative remedies because participants otherwise would be able to circumvent the administrative review, and federal courts would be forced to review such claims de novo. *See Denton*, 765 F.2d at 1300. These policies apply here and support the Court's conclusion that Plaintiff must exhaust her administrative remedies.

*C. Prayer for Compensatory, Statutory Exemplary and Penalty Damages*

In her Prayer for Relief, Plaintiff asserts a right to certain compensatory, statutory and penalty damages, such as "collateral benefits," "[p]enalties," and damages for the wrongful assertion of a lien or privilege...." *R. 1*.

The ERISA statute states, in pertinent part, that a participant or beneficiary of the policy may file suit in order to recover, "benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has stated that the civil remedies provided by the statute were intended to be comprehensive and exclusive, explaining that, " Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Mass. Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146–48 (1985). In keeping with the Supreme Court's opinions, the Fifth Circuit has expressly found that ERISA does not allow for recovery of extracontractual, punitive, or compensatory damages. *Rogers v. Hartford Life &*

*Acc. Ins. Co.*, 167 F.3d 933, 943–44 (5th Cir.1999); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32–33 (5th Cir.1993). Extracontractual damages are defined as more damages than a beneficiary would be entitled to receive under the terms of the ERISA plan. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 931 (5th Cir.1999). Thus, any award of compensatory, statutory and penalty damages which Plaintiff seeks must be dismissed as beyond the scope of the ERISA plan.

### *V. Conclusion*

For the foregoing reasons, the Court recommends that the Motion To Partially Dismiss Plaintiff's Complaint filed by Defendant Liberty Life Assurance Company of Boston [Rec. Doc. 3] and the Motion To Dismiss Plaintiff's Complaint filed by Defendants L'Oreal USA, Inc., SalonCentric, Inc. and L'Oreal USA Rewards [Rec. Doc. 13] be GRANTED IN PART and DENIED IN PART and (1) Plaintiff's Claims under La.R.S. §§ 22:1973 and 22:1821 (but not La. R.S. § 22:990) in the Second Cause of Action be DISMISSED; (2) Plaintiff's claim under the Fourth Cause of Action for declaratory relief and recovery of healthcare premium payment provided under the Healthcare Plan be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies; and (3) Plaintiff's Prayer for compensatory, statutory and penalty damages be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 6th day of October, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE