UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CAROLYN D BENOIT** | **CASE NO. 6:17-CV-00641** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **LIBERTY LIFE ASSURANCE CO OF BOSTON ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Partial Motion To Dismiss Plaintiff, Carolyn D. Benoit's, Amended Complaint pursuant to Federal Rules 12(b)(6) and 12 (b)(1) filed by Defendants United HealthCare Services Inc ("UHCS") and United Health Care Insurance Company ("UHCIC") (collectively referred to as "the UHC Defendants") [Rec. Doc. 69] and Plaintiff, Carolyn D. Benoit's, Memorandum in Opposition to the Motion [Rec. Docs. 74]. For the reasons that follow, the Court recommends that the Motion be granted.

### I. FACTUAL BACKGROUND

Plaintiff alleged in her original complaint that she was employed by SalonCentric, Inc. ("SalonCentric"), a subsidiary of L'Oreal, as a sales consultant.[1] Plaintiff was a member of the SalonCentric Comprehensive Welfare Benefits Plan (the "Plan") under Group Disability Income Policy, No. GF3-810-259830-01, (the

---

[1] Plaintiff alleged she was injured on June 20, 2014, and was declared disabled on October 28, 2014.

"Policy") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). *R. 1, ¶ 3.* Plaintiff alleged L'Oreal USA Rewards was the Plan Administrator of the Plan. *Id. at ¶ 2.* Liberty Life Assurance Company of Boston ("Liberty Life") was the claims administrator and insurer of the Plan. Plaintiff began receiving STD payments after she sustained injuries on June 20, 2014. *Id. at ¶ 6.* Thereafter, she began receiving LTD payments. Plaintiff's LTD benefits were later terminated. Liberty Life filed a Counterclaim against Plaintiff alleging breach of contract and unjust enrichment resulting from Plaintiff's alleged retention of funds received from third parties that Plaintiff was obligated to repay to Liberty Life under the terms of the Policy's subrogation and reimbursement provisions.[2] On December 1, 2017, the Court granted, in part, a motion to dismiss filed by SalonCentric and the L'Oreal defendants and dismissed most of Plaintiff's claims against them.

Plaintiff filed an Amended Complaint on May 21, 2018, asserting jurisdiction based on ERISA, 29 U.S.C. § 1001 *et seq.*, including the Department of Labor regulations, 29 C.F.R. § 2560.503-1. *R. 54.* Plaintiff named UHCIC, an insurance company who allegedly "provided health care insurance under an ERISA plan sponsored by L'Oreal USA, Inc. to the plaintiff," and UHCS, a company who

---

[2] In its Counterclaim Liberty Life alleges, "Plaintiff recovered money damages resulting from the accident which caused the injuries for which Plaintiff also received benefits from the STD Plan and the LTD Plan under the Policy." *R. 4, pp. 20-21.*

2

allegedly provides various services in the healthcare business (collectively "the UHC Defendants"). Plaintiff alleges that UHCIC issued a group medical and health care policy of insurance, "the United Health Options PPO, Group Insurance Policy, No. 198131, effective January 1, 2014" ("Health Policy"). *Id. at ¶¶ 5, 50.* Plaintiff alleges she made claims for payment of medical and health care expenses incurred as a result of her fall and injury on June 20, 2014, in accordance with the terms of the Health Policy during 2015, 2016 and 2017. *Id. at ¶ 50.* Plaintiff further alleges that in May 2017, she began receiving correspondence from Optum indicating that "UnitedHealthcare" retained Optum to pursue recovery for medical benefits paid to Plaintiff for the treatment of injuries paid by UnitedHealthcare. *Id. at ¶¶ 53, 54.* Plaintiff also alleges that she named UHCIC and UHCS because the correspondence was unclear as to which company retained Optum and whether Optum seeks reimbursement of the amount paid under the Health Policy issued by UHCIC or of amounts paid under an ERISA Plan—L'Oreal Plan 501 or 513, the SalonCentric Comprehensive Health Plan, some other ERISA plan—or under the provision of an insurance policy. *Id. at ¶ 55.* She alleges that after January 1, 2015, she was no longer part of a L'Oreal ERISA Plan and all her medical services were paid under the Health Policy. *Id. at ¶ 56.* Plaintiff named L'Oreal, USA, Inc., SalonCentric and Optum as "nominal defendants" to the extent required by ERISA or to the extent that UHCS and/or Optum claim subrogation or reimbursement against Plaintiff.

3

Plaintiff asserts a cause of action for declaratory relief under 28 U.S.C. § 2201, *et seq.*, relating to a demand for subrogation/reimbursement by UHCIC and/or UHCS through Optum for re-payment of $75,817.15 in medical care benefits UHCIC made from June 20, 2014 through February 3, 2017 to various medical providers on Plaintiff's behalf under the Health Policy. *R. 54 at ¶¶ 49-58*. Plaintiff requests the Court "to declare the rights and obligations of the respective parties as to whether any amounts can be demanded from the plaintiff in reimbursement or subrogation, and if so, which party can assert those rights, and the amount." *Id.*

In their motion to dismiss, the UHC Defendants argue that Plaintiff has failed to state a claim for relief with regard to the Declaratory Judgment in Count II of Plaintiff's Amended Complaint, and therefore, the claims against the UHC Defendants must be dismissed.

## II. CONTENTIONS OF THE PARTIES

The UHC Defendants initially assert that the Court should dismiss Plaintiff's claims under Rule 12(b)(1) because the allegations in her Amended Complaint establish that the UHC Defendants do not have standing to bring a claim under ERISA to enforce any rights against Plaintiff under the Healthcare Plan, and therefore, do not establish an "actual controversy" between Plaintiff and either of the UHC Defendants. They further assert that the allegations of the Amended

Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has filed to state a declaratory judgment action against either UHCS or UHCIC.

Plaintiff argues that an actual controversy exists as to whether medical payments on behalf of Plaintiff were made by the Healthcare Plan or by the UHC Defendants as part of the L'Oreal Plan. She further argues that an actual controversy exists as to whether the subrogation/reimbursement demand is governed by the Healthcare Plan or the Insurance Policy.

### III. LAW AND ANALYSIS

*A. Standard on a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6)*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In order to have standing to bring a declaratory judgment action, the plaintiff must show "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, I*nc., 549 U.S. 118, 127 (2007)

A motion to dismiss for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When challenging subject matter jurisdiction under Rule 12(b)(1), a

party can make a facial attack or a factual attack. *Superior MRI Services, Inc. v. Alliance Healthcare Services, Inc*., 778 F.3d 502, 504 (5th Cir. 2015). "If the party merely files its Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. This is akin to a Rule 12(b)(6) motion in that the pleading's allegations are presumed to be true, and if those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit." *Patterson v. Rawlings*, 287 F.Supp.3d 632, 637 (N.D.Tex., 2018) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). As the UHC Defendants submit no evidence in their motion, they have made a facial attack on subject matter jurisdiction and the Court must use a Rule 12(b)(6) standard.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. It is well-established law that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

*B. Discussion*

Count II of the Plaintiff's Amended Complaint is a declaratory judgment in which Plaintiff requests the Court determine the respective obligations of the parties—Plaintiff and the UHC Defendants—under the reimbursement terms of the ERISA Healthcare Plan.[3] As stated above, a declaratory judgment action is ripe for adjudication only where an "actual controversy" exists. See 28 U.S.C. § 2201(a). "As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citing *Texas v. West Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir.1989) (noting that the "case or controversy" requirement of Article III of the United States Constitution is "identical to the actual controversy requirement under the Declaratory Judgment Act.")). Whether particular facts are sufficiently immediate to establish an actual

---

[3] A clarification of Plaintiffs' payment obligations under the Plan is not a proper basis for declaratory judgment. See *Connecticut General Life Ins. Co. v. Cole*, 821 F.Supp. 193, 197 (S.D.N.Y.1993)) ("An action to clarify one's obligations as an insurer is not a suit to 'enforce' the terms of an ERISA plan").

controversy is a question that must be addressed on a case-by-case basis. *See Mobil Oil Corp. v. Oil, Chem. & Atomic Workers Int'l Union*, 483 F.2d 603 (5th Cir.1973); 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2757, at 470 (1984).

The UHC Defendants argue that Count II should be dismissed because it does not satisfy the "case or controversy" requirement of Article III of the Constitution, nor the mirror requirement of an "actual controversy" under the Declaratory Judgment Act. They contend that this is because ERISA does not allow entities such as UHCIC or UHCS to bring civil actions to enforce the reimbursement terms of the ERISA plan. Because neither UHCIC nor UHCS has the ability to bring a claim asserting rights under the applicable ERISA plan, Plaintiff's declaratory judgment action against them must be dismissed for lack of standing/subject matter jurisdiction and/or failure to state a claim. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, (1950) ("If ... the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then we have jurisdiction....").

Plaintiff's claims fall under 29 U.S.C. § 1132 (Section 502(a)) of ERISA which allows "a participant, beneficiary or fiduciary" to bring a civil action, *inter alia*, "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms

of the plan." *Lone Star OB/GYN Assocs. v. Aetna Health, Inc*., 579 F.3d 525, 529 (5th Cir.2009) (quoting 29 U.S.C. § 1132(a)(1)(B)). By its terms, standing under the statute is limited to participants, beneficiaries and fiduciaries. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal*., 463 U.S. 1, 27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment….").

The terms "participant," "beneficiary" and "fiduciary" are defined under ERISA, 29 U.S.C. § 1002, Definitions:

> The term participant means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) and

> The term beneficiary means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

*Id*. § 1002(8).

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary

>authority or discretionary responsibility in the administration of such plan.

*Id*. § 1002(21)(A). This definition "includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration." *Reich v. Lancaster*, 55 F.3d 1034, 1046 (5th Cir.1995). Thus, "a person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control." *Sommers Drug Stores v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1459–60 (5th Cir.1986).

Here, there are no allegations in the Amended Complaint which plausibly allege that UHCIC or UHCS is a participant or beneficiary of the Healthcare Plan, as defined under ERISA. UHCIC is alleged to be "an insurance company … who provided health care insurance under the [Healthcare] plan … to the plaintiff." (*R. 54, ¶ 2(B); see also id. at ¶¶ 5, 7, 11(B), 26, 50* (alleging that UHCIC issued the "Health Policy" and made payments under that policy on behalf of Plaintiff, *R. 22*). UHCS is alleged to be nothing more than "a company licensed to do and doing business … who provides various services in the healthcare business," including "medical and healthcare benefits" under the Healthcare Plan. (*see id. ¶¶ 2(C), 13(A)*).

While the definition of "fiduciary" under ERISA is broader than that of "participant" or "beneficiary," the UHC Defendants correctly assert that "providing

10

healthcare services to participants in an ERISA plan is simply not, under any analysis, a fiduciary function related to the ERISA plan." *See* 29 U.S.C. § 1002(21)(A). Also, "[t]ypically, insurance companies are not considered ERISA fiduciaries. Insurers, even those having the status of a benefit plan insurer, are not 'ERISA fiduciaries unless they are given the discretion to manage plan assets or to determine claims made against the plan.'" *Timmons v. Special Ins. Services*, 984 F.Supp. 997, 1005 (E.D.Tex.,1997) (quoting *Kyle Railways v. Pacific Admin. Serv.*, 990 F.2d 513, 517 & n. 3 (9th Cir.1993) (citing *American Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Soc'y*, 841 F.2d 658, 664–65 (5th Cir.1988) (no fiduciary duty for insurance company unless it has discretion to grant or deny benefits, adjudicate benefit claims, invest fund assets, or administer the Fund)).

An insurer cannot be considered an ERISA fiduciary if its authority is limited to mere ministerial duties. *Kyle Railways*, 990 F.2d at 518. Thus, whether an insurer is an ERISA fiduciary depends largely upon which hat the insurer wears—that of a party with some discretion over management of the Plan or that of a party with purely ministerial duties. *See Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996). Further, in cases where an entity, like an insurer, is designated to serve as a fiduciary for an ERISA plan, the individual's fiduciary responsibilities are limited to those for which it has been designated, and the entity is not a fiduciary for all purposes allowed under

11

ERISA. *See Bank of La. v. Aetna US Healthcare, Inc*., 468 F.3d 237, 243 (5th Cir. 2006) (explaining that "a party may qualify as an ERISA fiduciary with regard to some claims but not others"). Even an insurance company designated to administer and decide claims for benefits under an ERISA plan, however, is not a proper party to a claim seeking to enforce other terms of such plan, like reimbursement terms, against plan participants, if the insurance company is not specifically delegated fiduciary responsibility for enforcing such terms. *Fisher v. Blue Cross & Blue Shield of Tex*., 879 F. Supp. 2d 581, 588 (N.D. Tex. 2012) (finding that health insurance company was not proper ERISA plaintiff and did not have standing to assert its 29 USCS § 1132(a) counterclaims where it did not have discretionary control over plan assets or discretionary responsibility to administer plans, and even if it did, it was not acting in fiduciary capacity in acting as insurer seeking to recover monies based on its relationship with health care provider).

In the case at bar, Plaintiff does not allege that either UHCS or UHCIC was a fiduciary with respect to administering the reimbursement terms of the Healthcare Plan. *R. 54.* Instead, the Healthcare Plan specifically states that "[t]he named Fiduciary for this Plan is SalonCentric, which is also the Plan Administrator." *R. 13-2, p. 6.* The Plan also specifically states that SalonCentric's fiduciary functions include the ability to "recover any amounts in excess of the total amounts required by the Plan." *Id. at p. 59, 11.1*. In addition, the Plan clearly states that the right of

reimbursement is the Plan's right, *Id. at p. 65, Art. XIV, 14.2 Right of Reimbursement,* and that "[t]he Plan fiduciaries shall have complete discretionary authority to interpret" the reimbursement terms of the Plan. *Id.*

While the Plan does not even mention "UHCS" or "UHCIC," it does state that "SalonCentric contracted with UnitedHealthcare Inc. and Aetna to administer the medical portions of the Plan and to utilize their network of physicians, hospitals, and other health care providers, and to provide care management services." *Id. at p. 1.* Such terms confirm that there are no allegations (nor could there be) that UHCS or UHCIC had discretion to manage plan assets or fiduciary responsibility to administer or enforce the Plan's reimbursement terms.

Because there are no allegations (1) that UHCS or UHCIC had discretion to manage plan assets or fiduciary responsibility to administer or enforce the Healthcare Plan's reimbursement terms; (2) that suggest that either of the Defendants had any discretionary duties under the Healthcare Plan that would give rise to plan fiduciary status; or (3) that either of the Defendants were delegated fiduciary responsibility to enforce the Healthcare Plan's reimbursement terms, the Amended Complaint does not adequately allege facts sufficient to establish that either UHCS or UHCIC has a viable claim under federal law against Plaintiff seeking to enforce those terms. As the UHC Defendants are neither a "participant, beneficiary, or fiduciary" of any employee benefit plan, Plaintiff's Amended

13

Complaint fails to state claim for a declaratory judgment against either of the UHC Defendants and both UHCS and UHCIC should be dismissed as Defendants from this action.

While Defendants filed the instant motion under both Rule 12(b)((1) and Rule 12(b)(6), they request that the Court dismiss the Second Cause of Action of Plaintiff's Amended Complaint—for a Declaratory Judgment. The recommended dismissal is based on the lack of an actual controversy which the Fifth Circuit has described as creating a lack of subject-matter jurisdiction to issue a declaratory judgment. *State of Texas v. West Pub. Co*., 882 F.2d 171, 175 (5th Cir.1989). As dismissals for lack of jurisdiction are without prejudice, *Sepulvado v. Louisiana Bd. of Pardons & Parole*, 114 F. App'x 620 (5th Cir.2004), that is the appropriate remedy here. *See, e.g., Oilfield Servs., LLC v. J-W Operating Co*., 2012 WL 5996986, at *2 (W.D. La. Oct. 15, 2012), adopted by 2012 WL 5997200 (W.D. La. Nov. 30, 2012) (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Partial Motion To Dismiss Plaintiff, Carolyn D. Benoit's, Amended Complaint pursuant to Federal Rules 12(b)(6) and 12 (b)(1) filed by Defendants UHCS and UHCIC [Rec. Doc. 69] be GRANTED and Defendants UHCS and UHCIC be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 24th day of January, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE